## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

ANTHONY MUSE,

      Plaintiff,

                                      CASE NO.: 8:26-cv-00310-JSM-CPT

v.

TRUST ROOFING, INC.,
ROBIN SHERER, and
WINNIE SHERER,

      Defendants.

_____/

## DEFENDANTS' MOTION TO DISMISS COUNT III
## OF THE VERIFIED COMPLAINT

COMES NOW Defendants, TRUST ROOFING, INC. ("Trust Roofing"), ROBIN SCHERER[1] ("Mr. Scherer"), and WINNIE SCHERER ("Ms. Scherer") (collectively "Defendants"), by and through undersigned counsel, and pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, file this Motion to Dismiss, and state in support:

1.      On February 2, 2026, Plaintiff filed a Verified Complaint against Defendants asserting three causes of action: unpaid overtime under the Fair Labor Standards Act of 1938 (the "FLSA"), 29 U.S.C. § 207 (Count I); retaliation under the FLSA, 29 U.S.C. § 215 (Count II); and "Florida Common Law – Unjust Enrichment"

---

[1] Plaintiff's Complaint misspells the individual Defendants' surnames throughout the Complaint.  Defendants' response utilizes the correct spelling.

(Count III). *See* Doc. 1.

2.  Under Count I for unpaid overtime under the FLSA, Plaintiff alleges:

a.  "Throughout Plaintiff's employment with Defendant," he worked in excess of 40 hours per workweek without receiving the one-and-a-half overtime premium. *Id.* at ¶ 79.

b.  "Defendant failed to pay Plaintiff any overtime compensation for the approximately 1,288 hours and 49 minutes of overtime Plaintiff worked during his employment." *Id.* at ¶ 81.

c.  "Plaintiff's regular rate of pay was $37.50 per hour, calculated by dividing his weekly salary of $1,500.00 by forty (40) hours. Pursuant to the FLSA, Plaintiff was entitled to overtime compensation at a rate of $56.25 per hour (1.5 times $37.50) for all hours worked in excess of forty (40) in any workweek." *Id.* at ¶¶ 45, 80.

d.  "Defendant owes Plaintiff unpaid overtime wages in the amount of approximately $72,495.94[.]" *Id.* at ¶¶ 46, 83.

3.  Plaintiff asserts substantively identical allegations under Count III for unjust enrichment under Florida common law:

a.  "Defendant knowingly accepted and retained the benefit of Plaintiff's overtime labor without providing the compensation required by law." *Id.* at ¶¶ 71, 102-103.  "Defendant has been unjustly enriched at Plaintiff's expense by receiving the value of Plaintiff's overtime services without paying the legally required overtime premium." *Id.* at ¶¶ 72, 104.

b.     "Throughout Plaintiff's employment, Defendant received the benefit of Plaintiff's . . . approximately 1,288 hours and 49 minutes of overtime work." *Id.* at ¶¶ 69, 101.

c.     "The value of the benefit conferred upon Defendant by Plaintiff's unpaid overtime labor is equal to at least the overtime premium that should have been paid, calculated as $56.25 per hour multiplied by 1,288 hours and 49 minutes, totaling approximately $72,495.94." *Id.* at ¶105.

4.     In short, Count III relies on the same fact allegations and seeks the same relief set forth under Count I.

5.     Defendants hereby move the Court to dismiss Count III because the FLSA is the exclusive remedy for the relief sought and preempts Count III.

6.     Contemporaneous with this Motion, Defendants have filed a separate Answer and Affirmative Defenses to Counts I and II.

WHEREFORE, Defendants respectfully request that this Court enter an order dismissing Count III and granting any such other relief this Court deems just and appropriate.

## MEMORANDUM OF LAW

**I.     Legal Standard for Motions to Dismiss**

"Rule 12(b)(6) allows a complaint to be dismissed for failure to state a claim on which relief can be granted. When reviewing a motion to dismiss, courts must limit their consideration to the well-pleaded allegations, documents central to or referred to in the complaint, and matters judicially noticed." *Infinity Exhibits, Inc. v. Certain*

*Underwriters at Lloyd's London Known as Syndicate PEM 4000*, 489 F. Supp. 3d 1303, 1306 (M.D. Fla. 2020) (citing *La Grasta v. First Union Securities, Inc.*, 358 F.3d 840, 845 (11th Cir. 2004); *Day v. Taylor*, 400 F.3d 1272, 1276 (11th Cir. 2005)). Furthermore, courts "must accept all factual allegations contained in the complaint as true and view the facts in a light most favorable to the plaintiff." *Id*. (citing *Erickson v. Pardus*, 551 U.S. 89, 93-94, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007)).

However, legal conclusions "are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 664, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). Rather, "conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal." *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003). "To survive a motion to dismiss, a complaint must instead contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Infinity Exhibits, Inc.*, 489 F. Supp. 3d at 1306 (quoting *Iqbal*, 556 U.S. at 678, 129 S.Ct. 1937 (internal quotation marks and citations omitted)). "This plausibility standard is met when the plaintiff pleads enough factual content to allow the court 'to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Id.* (quoting *Iqbal*, 556 U.S. at 678, 129 S.Ct. 1937 (internal quotation marks and citations omitted).

II.    <u>**Argument**</u>

Defendants respectfully submit the Court should dismiss Count III for the reasons set forth below.

Under the FLSA, "Any employer who violates the provisions of section 206 or section 207 of this title shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages." 29 U.S.C.A. § 216(b). "Section 216 of the FLSA is the exclusive remedy for enforcing rights created under the Act." *Bule*, 2014 WL 3501546, at *2 (S.D. Fla. July 14, 2014); *Saunders v. Hunter*, 980 F. Supp. 1236, 1245 (M.D. Fla. 1997) (noting "the Fair Labor Standards Act provides for the exclusive remedy for failure to pay overtime wages").

"As a matter of law, [a] plaintiff cannot circumvent the exclusive remedy prescribed by Congress by asserting equivalent state law claims in addition to [a] FLSA claim." *Garcia v. Nachon Enters., Inc.*, 223 F. Supp. 3d 1257, 1268 (S.D. Fla. 2016); s*ee also Morrow v. Green Tree Serv'g, L.L.C.*, 360 F.Supp.2d 1246, 1252 (M.D. Ala. 2005); *Tombrello v. USX Corp.,* 763 F.Supp. 541, 545 (N.D. Ala. 1991); *Rinehart v. Hampton Golf, Inc.*, No. 2:24-CV-349-SPC-NPM, 2024 WL 3567702, at *1 (M.D. Fla. July 29, 2024); *Bule*, 2014 WL 3501546 at *2. Courts across the country have held that claimants may not "avoid[] the procedures and substantive rules of the FLSA through artful pleading." *Bule*, 2014 WL 3501546 at *3. "[A] plaintiff may not plead under a theory of unjust enrichment to avoid the statutory framework of the FLSA." *Bouthner v. Cleveland Constr. Inc.,* 2011 WL 2976868, at *7 (D. Md. July 21, 2011). *See also Bule*, 2014 WL 3501546 at *2.

"Specifically, where a plaintiff's state law claims are merely the FLSA claims recast in state law terms, those state law claims are preempted by the FLSA and

summary judgment may therefore be granted." *Garcia*, 223 F. Supp. 3d at 1268. "Courts dismiss duplicative state law common law claims where they rely on proof of the same facts." *Bule*, 2014 WL 3501546 at *2; *see also Helm v. Alderwoods Grp., Inc.*, 696 F.Supp.2d 1057, 1076 (N.D. Cal. 2009) (the FLSA "preempts common law claims that seek remedies for rights protected by the FLSA (such as minimum wage and overtime pay)"); *Alexander v. Vesta Ins. Grp., Inc.*, 147 F.Supp.2d 1223, 1241 (N.D. Ala. 2001) (granting summary judgment to the defendant with respect to state law claims of fraud which merely recast the plaintiff's federal claims for overtime compensation under the FLSA); *Williams v. Bank of Am. Corp.*, No. 3:15-CV-1449-J-39MCR, 2017 WL 11405015, at *7 (M.D. Fla. June 13, 2017), *report and recommendation adopted in part, rejected in part*, No. 3:15-CV-1449-J-39MCR, 2017 WL 11405030 (M.D. Fla. Sept. 1, 2017) ("[T]o the extent Plaintiff alleges a claim for an accounting based on the same material allegations as his FLSA claim, his claim for an accounting is preempted by the FLSA.") (citing *Bule*, 2014 WL 3501546)).

Here, as set forth in paragraph 2-4 of this Motion, the relevant allegations set forth in Count III are substantively identical to those set forth in Count I. Plaintiff merely seeks to recast his unpaid overtime claim under the FLSA as a state law claim for unjust enrichment. This appears to be an improper attempt to circumvent the FLSA's exclusive remedy to avoid the statutory framework of the FLSA or obtain a proverbial second bite at the apple where Congress prescribed a single bite through the FLSA. *Garcia*, 223 F. Supp. 3d at 1268 ("As a matter of law, [a] plaintiff cannot circumvent the exclusive remedy prescribed by Congress by asserting equivalent state

law claims in addition to [a] FLSA claim."); *Rinehart*, 2024 WL 3567702 at *1; *Bule*, 2014 WL 3501546 at *2. Accordingly, the Court should dismiss Count III. *Garcia*, 223 F. Supp. 3d at 1268; *Bule*, 2014 WL 3501546 at *2; *Williams*, 2017 WL 11405015 at *7. *See also*, *Saunders v. Hunter*, 980 F. Supp. 1236, 1246 (M.D. Fla. 1997) ("The plaintiff is foreclosed from bringing an action under Fla. Stat. § 448.08 because the Fair Labor Standards Act is Plaintiff's exclusive remedy for lost wages" where the plaintiff alleges she is a covered employee under the FLSA).

Moreover, equitable claims, such as unjust enrichment, are "only available where there is no adequate remedy at law." *Bule v. Garda CL Se., Inc.*, No. 14-21898-CIV, 2014 WL 3501546, 2014 WL 3501546 at *3 (S.D. Fla. July 14, 2014) (citing *Mitsubishi Int'l Corp. v. Cardinal Textile Sales, Inc.*, 14 F.3d 1507, 1518-1519 (11th Cir. 1994)). "Courts have addressed the concept of 'adequate remedy at law' in a variety of contexts and have held that the availability of monetary damages via an alternative claim demonstrates that adequate remedies at law exist." *Id.* (dismissing the plaintiff's equitable claims because an adequate remedy at law exists through the FLSA). "The FLSA provides an adequate remedy through which Plaintiff may pursue any claims he has for unpaid overtime during his employment with [the defendant]. . . . Because an adequate remedy not only exists, but has been specifically pled as a basis for this action in Plaintiff's Complaint, the Court once again determines that Plaintiff's claim[] for . . . unjust enrichment should be dismissed." *Id.*

## LOCAL RULE 3.01(G) CERTIFICATION

Pursuant to Local Rule 3.01(g), the undersigned counsel attempted to confer with Plaintiff's counsel on March 21, 22 and 23, 2026, via e-mail and telephone; however, Plaintiff's counsel was unable to confirm whether or not Plaintiff opposed the relief sought herein. Should Plaintiff's counsel provide undersigned counsel with Plaintiff's position, Defendants will provide the Court with a supplemental notice of conferral.

Respectfully submitted,

*/s/ Benjamin S. Briggs*
Benjamin S. Briggs, Esq., B.C.S.
Florida Bar No. 113814
**ADAMS AND REESE LLP**
100 N. Tampa Street, Suite 4000
Tampa, Florida 33602
Tel: (813) 227-5507
Ben.briggs@arlaw.com
Elaine.glotz@arlaw.com
*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 23, 2026, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will automatically serve a copy to all counsel of record.

*/s/ Benjamin S. Briggs*
Benjamin S. Briggs, Esq., B.C.S.